**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RICHARD D. LAWLER, #54271**                                                        **PETITIONER**

**VS.**                                                  **CIVIL ACTION NO.: 1:10-CV-414-HSO-JMR**

**CHARLES ABRAMS**                                                                    **RESPONDENT**

_____

**REPORT & RECOMMENDATION**
_____

This matter is before this Court on the Respondent's Motion [7-1] to Dismiss Pursuant to § 2244(d) which was filed on September 21, 2010.  Petitioner filed a Response [11-1] in Opposition on November 8, 2010.  Having considered the Respondent's Motion [7-1], Petitioner's Response [11-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [7-1] is well-taken and should be granted.  Accordingly, Lawler's petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

Petitioner, Richard Lawler, was indicted by the Circuit Court of Harrison County, Mississippi, First Judicial District on a charge of touching a child for lustful purposes as a habitual offender.  Lawler was convicted by a jury and on March 4, 1999, he was sentenced as a habitual offender to serve fifteen (15) years in the custody of the Mississippi Department of Corrections. (*See* Ex. "A" Attach Resp't Mot. [7-1] Dismiss.)  On November 7, 2000, the Mississippi Court of Appeals affirmed Lawler's conviction and sentence by a written opinion. *Lawler v. State*, 770 So.2d 586 (Miss.Ct.App. 2000).

Respondent notes that Lawler did not file a timely motion for rehearing, and therefore could not seek a writ of certiorari from the Mississippi Supreme Court. (Resp. Mot. [7-1] Dismiss 3.) Lawler filed a Motion for Leave to File Motion for Post Conviction Relief with the Mississippi Supreme Court on November 7, 2003. (*See* Ex. "D" Attach. Resp. Mot. [7-4] Dismiss.) The Mississippi Supreme Court denied Petitioner's request on January 28, 2004. (*See* Ex. "E" Attach. Resp. Mot. [7-5] Dismiss.) In 2008, Lawler filed an application for leave to file a successive motion for PCR in the Mississippi Supreme Court, which was denied as untimely and successive. (*See* Ex. "F" Attach. Resp. Mot. [7-5] Dismiss.) In 2010, Lawler filed another Application for Leave to Proceed in the Trial Court on PCR, which was also denied as untimely and successive. *Id.*

On August 18, 2010, Lawler filed the instant Petition for Writ of Habeas Corpus. On that same day, Lawler filed a Motion for Leave to Proceed *in forma pauperis*. However, Lawler paid the filing fee on August 30, 2010, and his motion was found to be moot. On September 21, 2010, Respondent filed the present Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d). Lawler filed his Response on November 8, 2010.

## **ANALYSIS**

The Respondent argues that Lawler's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (AEDPA). A petitioner seeking federal *habeas* relief must file his federal petition within one year from the date on which "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," whichever came later. 28 U.S.C. § 2244(d)(1)(A) and (D). However, the one-year statute of limitations is subject to tolling for the period when a

properly filed application for post-conviction relief or collateral review is pending. 28 U.S.C. § 2244(d)(2).

In the instant petition, Lawler challenges the habitual offender sentence for his Touching a Child for Lustful Purposes conviction imposed by the trial court on March 4, 1999. (*See* Pet. [1-1].) Respondent argues that Lawler's *habeas* petition should have been filed within one year of the date that Lawler's conviction and sentence became final. Respondent claims that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See*, *e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

As noted above, Lawler did not timely file a motion for rehearing and did not file a petition for writ of certiorari with the Mississippi Supreme Court after his conviction and sentence were affirmed. *See* MISS. R. APP. P. 40(a) (allowing fourteen days for filing a motion for rehearing after a decision is handed down by the court of appeals). Petitioner's failure to timely seek further discretionary review in state court stopped the appeals process and, in effect, waived his right to seek further review. *See* MISS. R. APP. P. 17(b) ("A party seeking review of a judgment of the Court of Appeals must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals."); *Roberts v. Cockrell*, 319 F.3d 690, 694 & n.14 (5th Cir. 2003). As such, Lawler's conviction and sentence became final on November 21, 2000 - fourteen (14) days after his conviction

and sentence were affirmed.[1]  Therefore, in accordance with the AEDPA's one year statute of limitations, Lawler's *habeas* petition was due by November 21, 2001.  Thus, unless Lawler complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1)(A), any state court motion for Post-Conviction Relief must have been filed before November 21, 2001, in order to toll the limitation period.  *See Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).  A review of the record indicates that Lawler filed his first state court Motion for Leave to File Motion for Post-Conviction Relief in the Mississippi Supreme Court on November 7, 2003- some 716 days after the November 21, 2001 deadline for filing his federal *habeas* petition.  Therefore, Lawler failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Lawler "filed" his petition was on August 13, 2010, the date it was signed.  This date is 3,187 days, over eight years, past the November 21, 2001 deadline for filing his federal *habeas* petition.  Lawler's failure to file his petition within the statutory deadline warrants dismissal of his petition.

In his Response [11-1] to the motion to dismiss, Lawler asks the Court to deny Respondent's motion to dismiss and "let this matter proceed in the interest of justice." (*See* Resp. [11-1].) Generally, equitable tolling is only available in rare circumstances.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

---

[1] This date is calculated as fourteen (14) days from November 7, 2000 - the date the Mississippi Court of Appeals affirmed Lawler's direct appeal.

rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" *Id*. (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). As the Supreme Court has stated, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "Excusable neglect does not support equitable tolling." *Ott*, 192 F.3d at 513-14. Lawler should be allowed to toll the statute of limitations if in exercising due diligence he could not timely uncover essential information that was predicate to his claim. *See Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992).

However, Lawler has not indicated why the imposition of his sentence, which occurred on March 4, 1999, precluded him from filing a *habeas* petition for over ten years following his conviction. Rather, the circumstances giving rise to his petition were available immediately upon conviction and sentencing in March 1999. In the case *sub judice*, Lawler has not shown that any external forces, rather than his lack of diligence were the cause of his delay in filing a *habeas* petition. Accordingly, Lawler's argument does not constitute "rare and exceptional circumstances" sufficient to toll the statute of limitations and it does not justify the application of equitable tolling. *See, e.g. Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000), quoting *Rashidi*, 96 F.3d at 128 (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant... or prevented in some extraordinary

way from asserting his rights."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) *cert. denied*, 528 U.S. 1007, 120 S. Ct. 504, 145 L. Ed. 2d 389 (1999) (unfamiliarity with legal process does not merit equitable tolling).

Had Lawler advanced his claims within a reasonable time of their availability, he would not now be facing any time problem. Lawler sat on his rights for three years before seeking to file a post-conviction motion in state court thereby missing any opportunity for statutory tolling, and subsequently filed his *habeas* petition in this court over eight years past the deadline. Furthermore, Lawler has not set forth any extraordinary circumstances justifying his lengthy delay in filing his *habeas* petition, and, thus, he has not demonstrated that equitable tolling should apply. Under long-established principles, Lawler's lack of diligence precludes equity's operation. *See Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Afairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L. Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights")). Because Lawler filed his federal *habeas* petition beyond the deadline, and because he is not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations.

## **RECOMMENDATION**

Lawler's conviction and sentence became final on November 21, 2000. Thereafter, Lawler had one year or until November 21, 2001, to file a federal petition for a writ of *habeas corpus*. At the earliest, Lawler filed his federal *habeas* petition on August 13, 2010, some 3,187 days past the November 21, 2001 deadline. Furthermore, Lawler did not properly file an application for relief as contemplated by 28 U.S.C. § 2244 (d)(2) on or before November 21, 2001, to toll the period of limitation. Also, Lawler has not cited any rare or extraordinary circumstances that warrant equitable

tolling of the limitation period. Therefore, this Court finds that Lawler is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that Lawler's Petition for Writ of *Habeas Corpus* should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the ___18th___ day of November, 2010.

                                                                         s/ John M. Roper, Sr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE